# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| PUMP & BRUSH FINLAND OY, <br>    a foreign corporation, <br><br>    *Plaintiff,* <br><br> vs. <br><br> PHILIPS ORAL HEALTHCARE, INC., f/k/a <br> OPTIVA CORPORATION, <br>    a Washington corporation, <br> PHILIPS ORAL HEALTHCARE <br> WORLDWIDE SALES CORPORATION, <br>    a Washington corporation, <br> PHILIPS ELECTRONICS NORTH <br> AMERICA CORP., <br>    a New York corporation, and <br> CVS CORPORATION, <br>    a Delaware corporation, <br><br>    *Defendants.* | Case No. 8:06-CV-01531-T-17EAJ |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT CVS CORPORATION

Defendant CVS Corporation ("CVS") answers the Amended Complaint of Plaintiff Pump & Brush Finland Oy, as follows:

## THE PARTIES

1. CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and accordingly, denies them.

2. CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and accordingly, denies them.

3. CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and accordingly, denies them.

TAMP_504884.1

    4.    CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and accordingly, denies them.

    5.    Admitted.

## JURISDICTION AND VENUE

    6.    CVS admits that the Complaint purports to state a claim for patent infringement.

    7.    CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint regarding the other Defendants, and accordingly, denies them.  As for itself, CVS denies having committed tortious acts, but lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 7 of the Complaint, and accordingly, denies them.

## CLAIM FOR PATENT INFRINGEMENT

    8.    CVS denies that U.S. Patent No. 5,918,995 (the " '995 patent") was duly and legally issued by the United States Patent and Trademark Office.  CVS lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 8 of the Complaint, and accordingly, denies them.

    9.    CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint regarding the other Defendants, and accordingly, denies them.  As for itself, CVS denies the allegations in paragraph 9 of the Complaint.

    10.    CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint regarding the other Defendants, and accordingly, denies them.  As for itself, CVS denies the allegations in paragraph 10 of the Complaint.

11. CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint regarding the other Defendants, and accordingly, denies them. As for itself, CVS denies the allegations in paragraph 11 of the Complaint.

12. CVS notes that paragraph 12 of the Complaint, which begins "Plaintiff has put Defendants . . . on actual notice," is erroneously numbered as a second paragraph "9" of the Complaint. CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint regarding the other Defendants, and accordingly, denies them.

13. CVS notes that paragraph 13 of the Complaint, which begins "Plaintiff has been damaged," is erroneously numbered as a second paragraph "10" of the Complaint. CVS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint regarding the other Defendants, and accordingly, deny them. As for itself, CVS denies the allegations in paragraph 13 of the Complaint.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### FIRST AFFIRMATIVE DEFENSE

CVS has not infringed nor is it infringing any valid and enforceable claim of U.S. Patent No. 5,918,995 (the " '995 patent") asserted by Plaintiff Pump & Brush Finland Oy in this action.

### SECOND AFFIRMATIVE DEFENSE

By virtue of its prosecution of the applications that led to the '995 patent, Plaintiff Pump & Brush Finland Oy is barred under the doctrine of prosecution history estoppel from asserting infringement under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

The claims of the '995 patent, including those claims of the '995 patent asserted by Plaintiff Pump & Brush Finland Oy in this action, are invalid and/or unenforceable for failure to meet one or more of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff Pump & Brush Finland Oy's claims of alleged infringement of the '995 patent are barred, in whole or in part, under the doctrines of laches, estoppel, prosecution history estoppel, waiver, unclean hands, marking, and/or inequitable conduct.

### FIFTH AFFIRMATIVE DEFENSE

CVS reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

CVS, for its counterclaims against Pump & Brush Finland Oy, states as follows:

1. This is a civil action for a declaration of non-infringement and invalidity of U.S. Patent No. 5,918,995 (the " '995 patent"), arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

2. This Court has subject matter jurisdiction over this cause of action under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has jurisdiction over Pump & Brush Finland Oy, and venue in this district is proper, because Pump & Brush Finland Oy has submitted to jurisdiction and venue in this district.

4. CVS Corporation ("CVS") is a Delaware corporation having a place of business at One CVS Drive, Woonsocket, RI 02895, and controls or operates a number of retail locations in Florida.

5. Upon information and belief, Plaintiff and Counter-Defendant Pump & Brush Finland Oy is a Finnish corporation having a place of business at Hallalahdentie 4 B 4, 73600 Kaavi, Finland.

### COUNT I:  DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6. CVS re-alleges ¶¶ 1-5 of the Counterclaims as if fully set forth herein.

7. On September 27, 2006, Pump & Brush Finland Oy filed a Complaint in this Court alleging that CVS infringes the '995 patent and that Pump & Brush Finland Oy is the owner of the '995 patent, with the right to bring suit and to recover damages for past infringement.

8. Counterclaim Plaintiff CVS has not infringed, and does not infringe, any valid and enforceable claim of the '995 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

9. CVS re-alleges ¶¶ 1-8 of the Counterclaims as if fully set forth herein.

10. The claims of the '995 patent are invalid and/or unenforceable for failing to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112.

11. As evidenced by Plaintiff's Complaint against CVS, and CVS's denials, defenses and counterclaims, an actual case or controversy exists between Plaintiff and CVS concerning the non-infringement, invalidity and unenforceability of one or more claims of the '995 patent, and that controversy is ripe for adjudication by this Court.

## PRAYER FOR RELIEF

WHEREFORE, CVS prays:

That the Complaint filed by Pump & Brush Finland Oy be dismissed in its entirety with prejudice, that judgment be entered in favor of CVS and against Pump & Brush Finland Oy, and that Pump & Brush Finland Oy be denied all relief requested in its Complaint;

That the Court enter judgment declaring the claims of the '995 patent invalid;

That the Court award CVS its costs and expenses incurred in this action, and that the Court find this to be an exceptional case under 35 U.S.C. § 285 and award CVS its reasonable attorneys' fees incurred in this action; and

That the Court grant CVS such other and further relief as it may deem just and proper.

## REQUEST FOR JURY TRIAL

CVS hereby demands and requests trial by jury of all issues raised that are triable by jury.

    /s/ Thomas F. Munro II
Thomas F. Munro, II, Trial Counsel
Florida Bar No.  382027
FOLEY & LARDNER LLP
100 North Tampa Street, Suite 2700
Tampa, FL  33602
(813) 229-2300 Telephone
(813) 221-4210 Facsimile
tmunro@foley.com

and

Brian J. McNamara, Esq. (pro hac vice pending)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5143
202.672.5300 Telephone
202.672.5399 Facsimile
bmcnamara@foley.com

Counsel for Defendant CVS Corporation

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on **October 23, 2006**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to:  Christopher Paradies, Fowler, White, Burnett, P.A., 501 E. Kennedy Boulevard, Suite 1700, Tampa, FL  33602 (cparadies@fowlerwhite.com); and James Michael Matulis, Fowler, White, Burnett, P.A., 501 E. Kennedy Boulevard, Suite 1700, Tampa, FL 33602 (jmatulis@fowlerwhite.com).

        /s/ Thomas F. Munro II